United States District Court
Southern District of Texas
**ENTERED**
June 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY KAREEM WHITFIELD, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1876 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Tony Kareem Whitfield was convicted of aggravated robbery with a deadly weapon in the 232nd District Court of Harris County, Texas.  That court sentenced him to 35 years imprisonment.

This case is before the Court on Whitfield's petition for a writ of habeas corpus and respondent Lorie Davis' motion for summary judgment.  Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Whitfield's petition should be denied.

## I.   Background

The background facts are not in dispute.  As summarized by the Texas Court of Appeals in affirming Whitfield's conviction:

> In early September 2010, an employee of a gas station/convenience store (the "store") located in northern Harris County stepped outside the store to lock a metal gate at closing time, while his co-worker remained inside the store. As the employee was locking an outside gate, using a set of keys that included keys to the store cash registers, back offices, and safes, he heard footsteps approaching quickly from behind him. He glimpsed two African American males, including [Whitfield]. He recognized [Whitfield], the larger of the two, because he had seen [Whitfield] in the store before.

[Whitfield] and the other individual were wearing dark clothes.

The employee dropped his keys and lay on the ground when the two approached him. The two men began to choke the employee from behind, causing him to fear for his life. While he was being choked, the employee overheard his two assailants speaking. They ordered him to get up, but the employee stayed on the ground. The two assailants began to lift the employee, but the employee then heard them speaking to each other regarding a gun inside the store. The assailants then left the area; the employee got to his feet. The co-worker, who had remained inside the store during the incident, unlocked the front door and let him back inside. The two employees contacted the police.

Meanwhile, Harris County Sheriff's Department Deputies Mark Gustafson and Leobardo Aguillon happened to drive by the scene. They observed [Whitfield] running from the store with a black rag covering the lower part of his face. When [Whitfield] observed the deputies' marked patrol car, he slowed to a walk and discarded "a bundle" on the ground. Gustafson exited the patrol vehicle and apprehended [Whitfield] after a very short chase. Gustafson discovered that the discarded bundle was comprised of a hat, gloves, an[] empty bag, a black cloth, and a handgun. He returned [Whitfield] to the store, where he discovered the employees. The employees reported that they had been "robbed" by two individuals. Surveillance cameras at the store captured much of the incident. Gustafson reviewed the surveillance video and observed [Whitfield] pulling on the door of the store and pointing a gun at the employee inside the store.

Additional officers arrived, set up a containment perimeter, and deployed a canine unit. The other suspect was apprehended, and officers discovered nearby an abandoned handgun, dark sweat pants and a jacket, a sleeve, and a pair of gloves.

[Whitfield] was indicted for aggravated robbery. The above-described evidence was presented to the jury, including the surveillance video from the store. A jury convicted him as charged in the indictment. After finding an enhancement paragraph "true," the jury sentenced him to thirty-five years in the Institutional Division of the Texas Department of Criminal Justice.

*Whitfield v. State*, No. 14-11-00847-CR, 2012 WL 5208542, at *1 (Tex. App.–Houston [14th

Dist.] Oct. 23, 2012) (footnote omitted).

The Texas Court of Criminal Appeals ("TCCA") refused Whitfield's petition for discretionary review. *Whitfield v. State*, No. PD–1522-012 (Tex. Crim. App. Apr. 17, 2013). The Supreme Court of the United States denied Whitfield's petition for a writ of *certiorari*. *Whitfield v. Texas*, 134 S.Ct. 523 (2013).

Whitfield filed a state habeas corpus application on June 23, 2014. The TCCA denied the application on April 29, 2015. SH at Action Taken page.[1] On June 30, 2015, Whitfield filed this federal petition for a writ of habeas corpus. Respondent moved for summary judgment on November 12, 2015. Whitfield filed a response to the motion on January 13, 2016.

## II.   Applicable Legal Standards

### A.   The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the

---

[1]    "SH" refers to the transcript of Whitfield's state habeas corpus proceedings.

"contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The solitary inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The State court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. §2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

### B.   The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the

Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### III.   Analysis

Whitfield's petition raises 11 claims for relief.  These are addressed in turn.

#### A.   Procedurally Defaulted Claims

In his first two claims for relief, Whitfield argues that the evidence was insufficient to support his conviction because the State never proved that the store employee, Jun Park, owned the property Whitfield was alleged in the indictment to have attempted to steal.  Respondent argues that these claims are unexhausted an procedurally defaulted because Whitfield predicated these claims in his direct appeal on a different theory.  In his direct appeal, Whitfield argued that the evidence was insufficient because the State failed to prove that he committed or attempted to commit theft.  *See* Whitfield's Brief on Appeal (Doc. # 7-7) at 3-4.

AEDPA requires that a prisoner exhaust his available State remedies before raising a claim in a federal habeas petition.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  As the Fifth Circuit explained in a pre -AEDPA case, "federal courts must respect the autonomy of state courts by requiring that petitioners advance in state court all grounds for relief, as well as factual allegations supporting those grounds.  "[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief."  *Orman v. Cain*, 228 F.3d 616, 619-20

(5th Cir. 2000); *see* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). This rule extends to the evidence establishing the factual allegations themselves. *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989) (citing 28 U.S.C. § 2254(b)); *see also Jones v. Jones*, 163 F.3d 285, 298 (5th Cir. 1998) (noting that "[s]ubsection (b)(1) [of AEDPA] is substantially identical to pre-AEDPA § 2254(b)").

Whitfield did raise the claims presented here in his state habeas corpus application. It is well established under Texas law, however, that sufficiency of the evidence claims are not cognizable on state habeas corpus review. *See, e.g.*, *Ex Parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). The Fifth Circuit has recognized this as a valid procedural bar. *See, e.g.*, *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996). Thus, because Petitioner did not present the claims presented here to the Texas state courts on direct appeal, he failed to properly exhaust the claims, and this Court may not consider them. *Knox*, 884 F.2d at 852 n.7.

### B.      Ineffective Assistance of Counsel

In his third, fifth, sixth, ninth, tenth, and eleventh claims for relief, Whitfield argues that he received ineffective assistance of trial counsel. To prevail on a claim for ineffective assistance of counsel, Petitioner "must show that . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional

norms, and must be viewed under the totality of the circumstances. *Id.* at 688.  Review of counsel's performance is deferential. *Id.* at 689.

In addition to proving that he received ineffective assistance of counsel, Whitfield must also demonstrate that the state habeas court's conclusion to the contrary was unreasonable.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is . . . difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.,* at 689 [104 S.Ct. 2052]; *Lindh v. Murphy,* 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles* [*v. Mirzayance*], 556 U.S., at ----, 129 S.Ct. [1411], at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ---**,** 129 S.Ct., at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard.

*Premo v. Moore*, 526 U.S 115, 122-23 (2011).

### 1.    Failure to Request a Directed Verdict

The indictment charged Whitfield with aggravated robbery for threatening and placing Sang Hyun Lee in fear of imminent bodily injury and death through the use of a deadly weapon while in the course of committing theft of property owned by Jun Park.  In his third claim for relief, Whitfield argues that counsel rendered ineffective assistance by failing to move for a directed verdict on the grounds that the State failed to prove that Jun Park owned the property. CR at 9.[2]

Texas law defines an "owner" as " a person who . . . has . . . a greater right of possession of the property than the actor. . . ."  TEX. PENAL CODE § 1.07(a)(35)(A).  At trial, Sang Hyun Lee testified that he and Jun Park were "in charge of all the inventory within the store," and that the

---

2        "CR" refers to the clerk's record.

men who attacked them would have had to pay for any item in the store that they wished to possess.  3 Tr. at 29-30.[3]  There was therefore evidence that Park was an "owner" of the property as that term is defined by Texas law, *i.e.*, that Park had "a greater right of possession of the property than" Whitfield.  Any motion for a directed verdict on these grounds would thus have been meritless.

Counsel's failure to raise a meritless claim did not constitute deficient performance. *See, e.g.*, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). Because counsel's performance was not deficient, Whitfield is not entitled to relief on this claim.

### 2.    Failure to Prepare

In his fifth and sixth claims for relief, Whitfield contends that counsel failed to research relevant law, investigate relevant facts, or interview witnesses.  In connection with Whitfield's state habeas corpus application, trial counsel Kyle Johnson submitted an affidavit in which he stated:

> As far as my investigation, I watched the video of the robbery, read the offense report, visited the scene, and listened to Mr. Whitfield's custodial statement.  I tried to get Mr. Whitfield to give me his version but he refused to discuss the case with me.  The only legal issue I saw in this case was whether it was the witnesses, Sang Lee, was placed in fear of imminent bodily injury and death while it was the other witness, Jun Park that actually was the owner of the property that Mr. Whitfield was attempting to steal. After researching that issue, I came to the conclusion that it was not a problem for the State.

SH at 154.  He further stated that he did not interview the two witnesses because the event was on video, and the police caught Whitfield running from the scene wearing a mask and carrying a

---

[3]        "Tr." refers to the transcript of Whitfield's trial.

gun. *Id.* The record also shows that counsel filed two pretrial motions, one seeking discovery, CR at 37-39, and the other seeking notice of intent to introduce evidence of other crimes or bad acts, *id.* at 41. In support of his claim, Whitfield offers only his conclusory allegations that counsel failed to prepare or investigate.

In light of the evidence in the record, Whitfield cannot demonstrate deficient performance. The record establishes that counsel did, in fact, review the available evidence, which was damning. That evidence included a video showing Whitfield committing the crime, and evidence that he was apprehended fleeing the scene while wearing a mask and carrying a gun. Counsel considered and researched a possible legal issue, and concluded that it was not, in fact, an issue. Moreover, Whitfield points to no helpful evidence that counsel failed to uncover. "To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Whitfield is not entitled to relief on these claims.

### 3.    Conflict of Interest

In his ninth claim for relief, Whitfield claims that counsel acted under an actual conflict. Whitfield cites his requests to remove counsel from the case, and the fact that Whitfield filed a grievance against counsel.

A criminal defendant has a right to counsel free of conflicts of interest. *See*, *e.g.*, *Cuyler v. Sullivan*, 446 U.S. 335 (1980); *Holloway v. Arkansas*, 435 U.S. 475 (1978). To prevail on such a claim, however, the petitioner must demonstrate "an actual conflict [that] adversely affected his lawyer's performance." *Cuyler*, 446 U.S. at 348. An actual conflict exists when an

"attorney owes duties to a party whose interests are adverse to those of the defendant. . . ." *Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir. 1979).

Whitfield's complaints identify possible personality conflicts with counsel, and possible conflicts over trial strategy. He does not, however, identify any conflict of interest. Whitfield fails to show any duty owed by counsel that was adverse to Whitfield's interests, or any personal interest of counsel that was adverse to Whitfield's interests. Because he fails to demonstrate any conflict of interest, Whitfield fails to demonstrate that he is entitled to relief on this claim.

### 4.    **Failure to Object**

In his tenth claim for relief, Whitfield contends that counsel was ineffective when he failed to object to an improper statement by the prosecutor. During closing argument, the prosecutor stated:

> The fact of the matter is that we're here because the Defendant has an unconditional right to a trial by jury. That's right. The Sixth Amendment of the Constitution, the Texas Constitution does not have a you're caught red handed dude clause. I'm sorry we have a – we have you on video and we caught you running from the scene. We collected all the evidence. You can't have a trial. No you can't. You still can. I have to put on all the evidence. It's all right there. You have everything you need to find this man guilty of aggravated robbery. It's all on the video. There he is.

3 Tr. at 89-90.

Prosecutors may not argue that a defendant should be punished for exercising his constitutional rights. *See*, *e.g.*, *Chapman v. California*, 386 U.S. 18, 20-21 (1967). However, "[t]o constitute a due process violation, the prosecutorial misconduct must be "'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quoting *United States v. Bagley***,** 473 U.S. 667, 676 (1985) (quoting *United States v. Agurs*, 427 U.S. 97**,** 108 (1976)). "'A trial is fundamentally unfair if there is a

reasonable probability that the verdict might have been different had the trial been properly conducted.'" *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992)), *cert. dismissed*, 531 U.S. 1134 (2001).  The Fifth Circuit has observed that a "prosecutor's improper [conduct] will, in itself, exceed constitutional limitations in only the most egregious cases."  *Menzies v. Procunier*, 743 F.2d 281, 288-89 (5th Cir. 1984).  "[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned."  *Barrientes*, 221 F.3d at 753 (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

In this case, the prosecutor did not argue, or even suggest, that the jury should penalize Whitfield for exercising his right to trial by jury.  As Whitfield's counsel stated in his affidavit, "the prosecutor simply was responding to what the jury might be wondering, given the overwhelming evidence of Mr. Whitfield's guilt (*i.e.*, 'Why are we here?')."  SH at 154.  Because the statement was not an impermissible comment on Whitfield's exercise of his right to trial by jury, counsel was not deficient by declining to object.

Even if, however, counsel was deficient, Whitfield cannot demonstrate prejudice.  As noted above, the evidence of Whitfield's guilt was very strong.  It included surveillance video of the crime, and testimony that Whitfield was apprehended fleeing the scene wearing a mask and carrying a gun.  Thus, even if counsel should have objected, the error was not "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland*, 466 U.S. at 687.  As there is little likelihood that the outcome of the trial would have been different had counsel objected, *see id.,* at 694-95, Whitfield fails to demonstrate *Strickland* prejudice.  Therefore, he is not entitled to relief on this claim.

**5.    Failure to Seek Preliminary Determination of Unadjudicated Offenses**

During the penalty phase of Whitfield's trial, the prosecution presented evidence that he committed another robbery, though he had not been convicted of that crime.  In his eleventh claim for relief, Whitfield argues that counsel rendered ineffective assistance by failing to seek a preliminary determination on the relevancy of the unadjudicated offense.

Whitfield argues that "courts have long held that extraneous offenses are inherently prejudicial . . . ."  Memorandum of Law (Doc. # 2) at 45.  This argument confuses the admissibility of such evidence at the guilt-innocence phase of trial, and at the punishment phase.  Such evidence would, indeed, be prejudicial and is generally inadmissible at the guilt-innocence phase.  *See*, *e.g.*, *Cude v. State*, 588 S.W.2d 895, 897 (Tex. Crim. App. 1979).  The evidence at issue here, however, was introduced at the penalty phase.  The Fifth Circuit has held that "there is no constitutional prohibition on the introduction at a trial's punishment phase of evidence showing that the defendant has engaged in extraneous, unadjudicated, criminal conduct."  *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005).  Because the evidence was admissible, there was no basis for counsel to object, and the failure to so object was not deficient performance.

**C.    Ineffective Assistance of Appellate Counsel**

In his fourth claim for relief, Whitfield contends that he received ineffective assistance of appellate counsel when his appellate counsel failed to raise a sufficiency of the evidence claim based on the State's alleged failure to prove that Jun Park owned the property Whitfield attempted to steal.  A defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under State law.  *Evitts v. Lucy*, 469 U.S. 387, 395 (1985).  The *Strickland* two-prong standard applies to claims of ineffective assistance of appellate counsel.  *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992).

In addressing a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).   As discussed above, Whitfield is mistaken as to the definition of "owner" under Texas law.   Because Park had a greater right of possession to the property that did Whitfield, then he "owned" the property as a matter of relevant Texas law.   The evidence was more than sufficient for a rational juror to find that Park owned the property, and appellate counsel was not deficient for declining to raise a patently meritless claim.

###   D.   Due Process

In his seventh claim for relief, Whitfield contends that he was denied due process when the Court of Appeals affirmed his conviction under a finding that his attempt to commit theft was sufficient to sustain the conviction when the indictment charged him with theft, not attempted theft.   This appears to be an argument that the evidence was insufficient to support the conviction because the evidence established that he attempted to steal the property, but did not complete the theft.

The indictment charged Whitfield with aggravated robbery for threatening imminent bodily harm "in the course of committing theft of property."   CR at 9.   It did not charge him with completing the theft.

Texas law provides:   "'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft."   TEX. PENAL CODE § 29.01(1).   The Court of Appeals cited *Jackson v. Virginia*, *supra*, and reasoned that the jury could reasonably have found that Whitfield or his

accomplice attempted to commit theft.  *Whitfield v. State*, 2012 WL 5208542 at *2-*3.  This analysis is consistent with the statutory definition of "in the course of committing theft," and was not at odds with the crime charged in the indictment.  Whitfield's claim is without merit.

### E.    Confrontation

As noted above, the indictment charged Whitfield with attempting to steal property owned by Jun Park.  Park did not testify at trial.  In his eighth claim for relief, Whitfield contends that he was denied his Sixth Amendment right to confront witnesses against him.

The Sixth Amendment guarantees  a criminal defendant's right to confront witnesses against him, including the right to cross-examine, and to physically confront, such witnesses.  *See Maryland v. Craig*, 497 U.S. 836, 850 (1990); *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987); *Davis v. Alaska*, 415 U.S. 308, 315 (1974).  Park did not testify at Whitfield's trial.  Therefore, he was not a witness against Whitfield, and Whitfield's confrontation clause rights were not implicated by Park.  Whitfield does not allege that he was impeded in his ability to cross examine any witness presented by the State, nor does he allege that any such witness testified from a remote location, or testified in Whitfield's absence.  Whitfield points to nothing requiring the State to present victims as trial witnesses.  Because Whitfield was not impeded in his ability to confront all witnesses who were, in fact, presented by the State, he fails to demonstrate any violation of his rights under the confrontation clause.

### F.    Certificate of Appealability

Whitfield has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely

states that an appeal may not be taken without a certificate of appealability having been issued.")
A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").  "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone."  *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).  The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds.  We hold as follows:  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Whitfield's petition and concludes that Whitfield fails to make a substantial showing of the denial of a constitutional right. The court concludes that jurists of reason would not find this Court's ruling debatable. This Court concludes that Whitfield is not entitled to a certificate of appealability.

## IV.    <u>Conclusion And Order</u>

For the foregoing reasons, it is ORDERED as follows:

A.    Respondent Lorie Davis' motion for summary judgment (Dkt. No. 12) is GRANTED;

B.    Petitioner Tony Kareem Whitfield's petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE; and

C.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 7th day of June, 2016.

Kenneth M. Hoyt
United States District Judge